# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| STACY STRAWN,<br><br>        Plaintiff,<br><br>vs.<br><br>GUARDIAN BUILDING PRODUCTS, INC.,<br><br>        Defendant. | Civil Action No. 3:16-CV-00623-GCM<br><br>**CONSENT PROTECTIVE ORDER** |

It is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL". "Confidential" information or documents may be referred to collectively as "confidential information."

2. Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. In the event of such a dispute, the party that seeks to designate information as confidential bears the burden of proving that that designation is appropriate. Nothing in this Protective Order constitutes an admission by any party

that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

4. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

   a. The requesting party and counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Consultants or experts to the extent deemed necessary by counsel;
   d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information;
   e. Any court reporter transcribing witness testimony; and
   f. The Court or the jury at trial or as exhibits to motions.

5. Except as provided in Paragraph 7, prior to disclosing or displaying the confidential information to any person, counsel shall:

   a. Inform the person of the confidential nature of the information or documents; and
   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. Except as provided in Paragraph 7, the confidential information may be displayed to and discussed with the persons identified in Paragraph 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be

bound by this Order in the form attached as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

7. For the purpose of Paragraphs 4(d) and (e), it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

8. The entry of this Consent Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any party or third party with respect to discovery matters, including, but not limited to, any party's or third party's right to assert the attorney-client privilege, work product doctrine, or other privileges with respect to Discovery Materials or any party's or third party's right to contest such assertion. Any inadvertent disclosure of Discovery Materials protected by the attorney-client privilege or the work product doctrine will not be deemed a waiver of such privilege. Upon request from the producing party, a non-producing party shall return all copies of any inadvertently disclosed privileged materials. The return of any inadvertently disclosed privileged materials shall not prejudice the rights of any party or third party to contest an assertion of the attorney-client privilege, work product doctrine, or other privileges with the Court.

9. At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed. The

ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

10. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

**SO ORDERED,**

Signed: May 24, 2017

Graham C. Mullen
United States District Judge

CONSENTED AND RESPECTFULLY
SUBMITTED ON MAY 24, 2017 BY:

| */s/ S. Luke Largess* (signed with permission) | */s/ Jerry H. Walters, Jr.* |
|---|---|
| S. Luke Largess, Esq.<br>Tin, Fulton, Walker and Owen, PLLC<br>301 East Park Avenue<br>Charlotte, NC 28203<br>LLargess@tinfulton.com<br><br>*Attorney for Plaintiff* | Leslie Dent, Georgia Bar No. 218566<br>(Admitted Pro Hac Vice)<br>ldent@littler.com<br>LITTLER MENDELSON, P.C.<br>3344 Peachtree Rd, N.E.<br>Suite 1500<br>Atlanta, GA 30326<br>Telephone: 404.233.0330<br>Facsimile: 404.233.2361<br><br>Jerry H. Walters, Jr. Bar No. 23319<br>jwalters@littler.com<br>LITTLER MENDELSON, P.C.<br>Bank of America Corporate Center<br>100 North Tryon Street, Suite 4150<br>Charlotte, NC 28202<br>Telephone: 704.972.7013<br>Facsimile: 704.731.0797<br><br>*Attorneys for Defendant* |

# **EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Stacy Strawn v. Guardian Building Products, Inc.*, 3:16-CV-00623-GCM, have been designated as confidential. I have been informed that any such documents or information labeled as "CONFIDENTIAL" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____

Signed in the presence of:

_____

(Attorney)

Firmwide:146977550.2 078237.1006